**Robert Paul PHILIPPS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71–1513.**

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1972.

Decided April 12, 1972.

Robert Paul Philipps, pro se.

Harold O. Bullis, U. S. Atty., Fargo, N. D., for appellee.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Robert Paul Philipps was convicted of contempt of court for knowingly disobeying and resisting the lawful process, order and command of the court. He was fined $500.00 and given a suspended sentence of six months in custody. Philipps contends that the conviction and sentence were unlawful and in violation of his constitutional rights.

Notwithstanding Philipps' failure to comply with the rules of this Court in filing his appeal, we have examined the record in an effort to ascertain if any error was committed by the trial court. Our review convinces us that the evidence was sufficient to sustain the conviction and that the trial court committed no error except that discussed below.

The trial court erred in imposing sentence. 18 U.S.C. § 401 provides that "[a] court of the United States shall have power to punish by *fine or imprisonment,* at its discretion, * * * contempt of its authority * * *." (Emphasis added.) This section has been construed to prohibit the imposition of both imprisonment and fine. Board of Education v. York, 429 F.2d 66, 70 (10th Cir. 1970); United States v. Temple, 372 F.2d 795 (4th Cir. 1966), cert. denied, 386 U.S. 961, 87 S. Ct. 1024, 18 L.Ed.2d 110 (1967); United States v. Schiffer, 351 F.2d 91, 96 (6th Cir. 1965), cert. denied, 384 U.S. 1003, 86 S.Ct. 1914, 16 L.Ed.2d 1017 (1966), rehearing denied, 385 U.S. 890, 87 S.Ct. 12, 17 L.Ed.2d 121 (1967); In re Osborne, 344 F.2d 611, 616 (9th Cir. 1965). The case must, therefore, be remanded.

The question arises whether, on remand, Philipps would be entitled to a

jury trial under Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). In *Cheff*, the Supreme Court ruled that "sentences exceeding six months for criminal contempt may not be imposed by federal courts absent a jury trial or waiver thereof." 384 U. S. at 380, 86 S.Ct. at 1526. If there were any possibility that Philipps might be required, at some future time, to serve the six months' sentence in addition to paying the $500.00 fine, we have little doubt that a jury trial on remand would be required under *Cheff*, Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968),[1] and Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969). However, the commitment in this case reads:

> " * * * [T]he defendant is hereby committed to the custody of the Attorney General * * * for imprisonment for a period of Six (6) months, commencing at Twelve o'clock noon of this date, said sentence is suspended and defendant is fined Five Hundred Dollars ($500.00), payable to the United States of America, in installments of not less than $100.00 a month * * *."

While the wording of this sentence is uncommon and somewhat ambiguous, we construe it as nullifying, for all practical effect, the six months' sentence. Thus, for *Cheff* purposes, this offense was treated as petty by the trial court, *cf.*, Frank v. United States, *supra*, and Philipps is not entitled to a jury trial.

The case is remanded to the District Court with instructions to modify the sentence in accordance with 18 U.S.C. § 401 and this opinion, by striking either the $500.00 fine or the six months' suspended sentence.

---

1. Following the decision in Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), the Supreme Court of Illinois, on remand, granted a new trial. This result appears to be inconsistent with United States v. R. L. Polk and Company, 438 F.2d 377 (6th Cir. 1971). We are persuaded that the Illinois Supreme Court's action more properly reflects the intentions of the Supreme Court, particularly as expressed in *Bloom* and Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969).