**UNITED STATES of America, Appellee,**

v.

**Robert SAMPOGNE and Steven Maltese, Appellants.**

**Nos. 685, 686, Dockets 75–2149, 75–2150.**

United States Court of Appeals, Second Circuit.

Argued Jan. 29, 1976.

Decided Feb. 19, 1976.

Lee A. Adlerstein, Asst. U. S. Atty. (David G. Trager, U. S. Atty., E. D. N. Y., Paul B. Bergman, Brooklyn, N. Y., of counsel), for appellee.

Herbert J. Kaplain, New York City, for appellant Sampogne.

Jay G. Horlick, Brooklyn, N. Y. (Zerin, Cooper & Horlick, Brooklyn, N. Y., Harold I. Guberman, Law Asst., on the brief), for appellant Maltese.

Before MEDINA, MULLIGAN and GURFEIN, Circuit Judges.

PER CURIAM:

Robert Sampogne and Steven Maltese appeal from judgments of the United States District Court for the Eastern District of New York, Hon. Orrin G. Judd, entered on November 18, 1975 following an evidentiary hearing held on the same date, adjudging both appellants to be in contempt for failure to respond properly to government trial subpoenas. Appellant Sampogne was sentenced to imprisonment for 40 days and a $750 fine. Appellant Maltese was sentenced to imprisonment for 90 days and a $1,000 fine. Both were imprisoned from November 18th until November 26th, 1975, when they were released on bail pending this appeal. On November 21, 1975 each appellant paid his fine in full.

Appellants urge that the court's sentence of both fines *and* imprisonment under Rule 17(g) of the Federal Rules of Criminal Procedure is improper. The sanction to be imposed for criminal contempt is governed

by 18 U.S.C. § 401.[1] That section unambiguously provides that the court has the power to punish a criminal contempt by "fine or imprisonment." Moreover, the Supreme Court construing the same language in the predecessor statute (28 U.S.C. § 385) in *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943) squarely noted that the statutory language was in the disjunctive, that only one of two punishments was permissible and since the fine there as here had been paid, the petitioner had to be discharged from custody. This holding has been followed in *United States v. De Simone*, 267 F.2d 741 (2d Cir.), vacated as moot, 361 U.S. 125, 80 S.Ct. 74, 4 L.Ed.2d 70 (1959). Accord, *Philipps v. United States*, 457 F.2d 1313 (8th Cir. 1972); *International Bhd. of Teamsters v. United States*, 275 F.2d 610 (4th Cir.), cert. denied, 362 U.S. 975, 80 S.Ct. 1060, 4 L.Ed.2d 1011 (1960). It does not appear from the record that either the government or the appellants raised this issue below or called the attention of the court to the *Bradley* decision.

The United States argues on appeal that Rule 17(g)[2] was promulgated after *Bradley* was decided and should be construed as overruling that case. Since the Rule makes no mention of penalties, conjunctive or disjunctive, and since section 401 remains effective, the argument is totally unpersuasive. The further argument that the fines were imposed for the purpose of reimbursement of government expenses in enforcing the subpoenas and conducting the hearings is equally unconvincing. The opinion below does not articulate any compensatory purpose for the imposition of the fine. In any event the statute and *Bradley* are clear. The cases relied upon by the government for this proposition[3] involve civil and not criminal contempt judgments.

In view of our holding that these sentences were improperly imposed, which results in the release of appellants from further custody, we need not determine whether the evidence below was sufficient to sustain the finding that their conduct constituted a contempt. *In re Bradley, supra*, 318 U.S. at 52, 63 S.Ct. 470.

The judgments are reversed and the jail sentences are vacated.

---

1. § 401. Power of court

    A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

    (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

    (2) Misbehavior of any of its officers in their official transactions;

    (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

2. Rule 17. Subpoena

    .    .    .    .    .

    (g) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued or of the court for the district in which it issued if it was issued by a United States magistrate.

3. *NLRB v. Local 825, IOE*, 430 F.2d 1225 (3d Cir. 1970), cert. denied, 401 U.S. 976, 91 S.Ct. 1200, 28 L.Ed.2d 326 (1971) and *Lance v. Plummer*, 353 F.2d 585 (5th Cir. 1965), cert. denied, 384 U.S. 929, 86 S.Ct. 1380, 16 L.Ed.2d 532 (1966) involved civil contempt proceedings in which the contemnors were directed to reimburse their opponents for expenses incurred in securing compliance with previously issued court decrees. In *Doubleday v. Sherman*, 7 F.Cas. 959 (No. 4,020) (C.C.S.D.N.Y.1870), the court expressly refrained from imposing a criminal sanction, and limited the contemnor's punishment to payment of plaintiffs' litigation expenses. *United States v. Greyhound Corp.*, 370 F.Supp. 881 (N.D.Ill.), aff'd, 508 F.2d 529 (7th Cir. 1974), involved both civil and criminal contempt. However, the fees awarded in that case were specifically designated as being part of the civil relief. 370 F.Supp. at 886.