**UNITED STATES of America, Appellee,**

v.

**Dominick DiGIRLOMO, Appellant.**

**No. 76–1528.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1976.

Decided Jan. 28, 1977.

---

Lawrence H. Pelofsky, Kansas City, Mo., for appellant; Joseph N. Miniace and Joel Pelofsky, Kansas City, Mo., on brief.

David Helfrey, Kansas City, Mo., for appellee; Bert C. Hurn, U.S.Atty., Kansas City, Mo., and Joseph Davies, Jr. and John J. Klein, Dept. of Justice, Washington, D.C., on brief.

Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

HENLEY, Circuit Judge.

On June 4, 1976 The Honorable William R. Collinson, United States District Judge

for the Western District of Missouri, found the appellant, Dominick DiGirlomo, guilty of criminal contempt on account of his refusal to testify in a criminal case in which Frank Tousa and John Anthony Costanza were defendants. The district court entered an order fining appellant $500.00 and sentencing him to imprisonment for a period of six months.[1]  18 U.S.C. § 401.[2]  Appellant paid the $500.00 fine; however, he appeals from the sentence of imprisonment assigning a number of errors. Appellant has remained at liberty on bail during the pendency of this appeal.

As is well known, organized gambling in the Kansas City, Missouri area in violation of state and federal laws has been the subject of intensive investigation for a number of years by the Federal Bureau of Investigation and by Special Attorneys of the Department of Justice assigned to the Kansas City "strike force."

In 1973 in the course of the investigation the government obtained from the district court an order authorizing the interception and recording of conversations over a telephone in Kansas City listed in the name of appellant. In the course of the interceptions conversations of appellant's son, Nicholas, were overheard. The government gained information leading it to believe that appellant was involved in illegal gambling, and it was decided to call him as a witness before the federal grand jury.

Appellant was duly subpoenaed in 1974. He appeared before the grand jury but refused to testify. The district court found that his refusal was without just cause and committed him to jail as provided by 28 U.S.C. § 1826(a). There was an appeal, and the order of the district court was affirmed. *DiGirlomo v. United States*, 520 F.2d 372

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

1. The district court also found that appellant was in civil contempt and confined him as a recalcitrant witness for the duration of the Tousa-Costanza trial. 28 U.S.C. § 1826(a). The propriety of that action by the district court is not in issue here.

2. In pertinent part § 401 provides that a court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as may involve "(3) Disobedience or resistance to its lawful writ, order, rule, decree, or command."

(8th Cir.), *cert. denied,* 423 U.S. 1033, 96 S.Ct. 565, 46 L.Ed.2d 407 (1975). However, appellant never in fact testified before the grand jury.

In late 1975 the grand jury returned an indictment charging Frank Tousa, John Anthony Costanza and others, including Nicholas DiGirlomo, with having conducted an illegal gambling operation in violation of 18 U.S.C. § 1955.[3]

In early 1976 some of the defendants, including Nicholas DiGirlomo, filed motions to suppress evidence on the basis of alleged illegalities in the proceedings leading up to or following the wiretap authorization or authorizations that had been given by the district court. The motion of Nicholas DiGirlomo was sustained.

In May, 1976 the government subpoenaed appellant to appear and testify as a witness at the trial of Tousa and Costanza, which trial had been severed from that of the other defendants. Appellant promptly moved to quash the subpoena on the ground that the testimony sought was the product of or was obtained by the unlawful exploitation of an unlawful wiretap. A hearing was held, and on June 1, 1976 the district court denied the motion.

Appellant was called to the stand as a government witness on June 4 and made additional objections to being required to testify. Those objections were overruled. The government put four questions to appellant, two of which he refused to answer. The government moved that appellant be adjudged in contempt, and adjudication followed immediately.

It should be said that prior to being called to the witness stand appellant had been granted immunity as provided by 18 U.S.C. §§ 6001 *et seq.*

For reversal appellant advances the following contentions: (1) That a letter purportedly written by Assistant Attorney General Henry E. Peterson to Burt C. Hurn, United States Attorney for the Western District of Missouri, authorizing an application for a grant of immunity to appellant was improperly received in evidence at the immunity hearing. (2) That the district court erred in refusing to quash the subpoena and suppress the testimony of the defendant. (3) That the sentence imposed by the district court following the contempt adjudication was illegal. (4) That the district court erred in refusing to allow appellant time to gather and submit material in mitigation of punishment.

As heretofore noted, 18 U.S.C. § 401 provides that a person adjudged to be in criminal contempt of court may be punished by a fine or by imprisonment. The statute does not authorize punishment by both fine and imprisonment.

■ Counsel for the government concedes that the sentence of imprisonment imposed on appellant in addition to the fine was illegal and cannot be sustained. *In re Bradley,* 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500 (1943); *United States v. Sampogne,* 533 F.2d 766 (2d Cir. 1976).

■ In view of that concession and in view of the fact that the fine has been paid, we find it unnecessary to consider the other questions raised by appellant. *See United States v. Sampogne, supra,* 533 F.2d at 767.

As a matter of reference, we might point out that very recently this court has considered whether and to what extent a witness, as opposed to a defendant, may question the legality of a wiretap authorized by a district judge under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 *et seq.,* and the procedure to be followed when the witness undertakes to raise the question. *United States v. Melickian,* 547 F.2d 416 (8th Cir. 1977).

The case is remanded to the district court with directions to vacate that part of its

---

**3.** Frank Tousa and others were named as defendants in an earlier indictment charging a similar offense or offenses. Tousa and at least some of the other defendants were convicted, and their convictions were affirmed by this court. *United States v. Civella,* 533 F.2d 1395 (8th Cir. 1976). The indictment against Tousa, Constanza, Nicholas DiGirlomo and others was returned shortly after the conclusion of the trial in the earlier case.

order of June 4, 1976 which sentenced appellant to imprisonment.