101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Michael CATALANO, Defendant-Appellant.
 No. 95-1652.
 United States Court of Appeals, Second Circuit.
 July 11, 1996.
 
 Susan C. Wolfe, Hoffman & Pollok, New York City, for Appellant.
 Hector Gonzalez, Assistant United States Attorney for the Southern District of New York, New York City, for Appellee.
 Present: MINER, McLAUGHLIN, LEVAL, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is VACATED and REMANDED.
 
 
 1
 This cause came on to be heard on the transcript of record and was argued by counsel.
 
 
 2
 Defendant-appellant Michael Catalano appeals from a judgment entered in the United States District Court for the Southern District of New York (Stanton, J.) convicting him, upon a plea of guilty, of contempt, in violation of 18 U.S.C. § 401(3). The district court sentenced Catalano to a three-year term of probation, including six months of home detention, a $5000 fine, and a $50 special assessment.
 
 
 3
 Catalano's conviction stemmed from his appearance in August of 1992 before a federal grand jury that had been convened to investigate organized crime in Westchester County, New York. On August 5, 1992, Catalano appeared before the grand jury, but refused to answer several questions.
 
 
 4
 On April 21, 1995, a criminal information was filed, charging Catalano with one count of contempt, in violation of § 401(3). Pursuant to a plea agreement, Catalano pleaded guilty to the crime charged in the information. Catalano was sentenced on October 26, 1995. The district court determined that Catalano's offense level was ten, and sentenced him principally to a three-year term of probation and a $5000 fine. On November 3, 1995, Catalano filed a notice of appeal. On November 9, 1995, he paid the $5000 fine.
 
 
 5
 On appeal, Catalano contends that the district court erred in sentencing him to both a term of probation and a fine. In view of our recent decision in United States v. Versaglio, Nos. 95-1238, 95-1263, 1996 WL 288949 (2d Cir. June 3, 1996), we agree with Catalano that his sentence is invalid to the extent that it requires both a fine and probation.
 
 
 6
 Under § 401, contempt may be punished by either a "fine or imprisonment." (Emphasis added). The government acknowledges that we previously have held that contempt may be punished either by a fine or by imprisonment, but not by both. See United States v. Sampogne, 533 F.2d 766, 767 (2d Cir.1976). The government also concedes that, for purposes of determining what constitutes a permissible sentence under § 401, a term of probation is equivalent to a term of imprisonment. See Fiore v. United States, 696 F.2d 205, 208 (2d Cir.1982). Nevertheless, the government contends that the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq. and 28 U.S.C. §§ 991-98, (the "SRA") amended § 401 to allow a defendant to be sentenced to both a fine and imprisonment.[1]
 
 
 7
 We addressed the government's contention in Versaglio and concluded that "section 401 has not been superseded by the SRA." Id. at * 4. Accordingly, we reaffirmed that a defendant may "not be sentenced to both a fine and imprisonment" for contempt. Id. at * 1. In Versaglio, the defendant had been convicted of contempt and had been sentenced to a 21-month term of imprisonment and a $25,000 fine. Five days after sentencing, the defendant paid the fine in full. We held that, "since [the defendant] has paid the fine, his prison sentence must be vacated." Id. We further stated that the defendant's "payment of the fine precludes consideration of the option of imprisonment." Id. at * 4. However, in light of the invalidation of the defendant's prison sentence, we stated that "the sentencing judge should have the option of considering whether to make an upward adjustment in the amount of the fine." Id. at * 7. Accordingly, we vacated the defendant's prison sentence and remanded the fine component of the sentence to allow the district court the opportunity to revise the amount of the fine.
 
 
 8
 In view of our holding in Versaglio, the district court erred in sentencing Catalano to both a fine and probation. Because Catalano has paid the fine in full, this precludes the option of probation. Nonetheless, as in Versaglio, the district court should have the opportunity to consider an upward adjustment in the fine imposed on Catalano. At sentencing, Catalano's base offense level was determined to be ten, and, under U.S.S.G. § 5E1.2(c)(3), he could have been sentenced to a maximum fine of $20,000. The district court sentenced Catalano to a $5000 fine. On remand, the district court shall determine whether an increase in the fine is appropriate, given the invalidation of Catalano's sentence of probation.
 
 
 9
 Accordingly, we vacate Catalano's probation sentence and remand the fine component of the sentence to allow the district court an opportunity to revise the amount of the fine.
 
 
 
 [1]
 Section 3551(b) provides that "[a] sentence to pay a fine may be imposed in addition to any other sentence."