## YAVORSKY v. UNITED STATES.

(Circuit Court of Appeals. Third Circuit. August 1, 1924.)

### No. 3100.

**1. Criminal law ⟨⟩996(2)—Court has general power over its own judgments, orders, and decrees during term in which made.**

A court has general power over its own judgments, orders, and decrees in both civil and criminal cases during the term in which they were first made.

**2. Criminal law ⟨⟩996(2)—Court powerless to remit fine paid and continue imprisonment, where only alternative punishment authorized.**

Under National Prohibition Act, tit. 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p), punishing the first offense of illegal sale of liquor by fine or imprisonment, where one for his first offense was sentenced to pay a fine and to imprisonment, after he paid the fine to the marshal he had fully suffered the alternative punishment, and court was without power to remit the fine and continue the imprisonment.

**3. Habeas corpus ⟨⟩29—Proper remedy to secure release of one imprisoned after payment of fine.**

Where one who pleaded guilty to a first offense under the National Prohibition Act was sentenced to pay a fine and to imprisonment, contrary to title 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p), after he paid the fine, his imprisonment was illegal, and he should have been discharged on habeas corpus.

Appeal from District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Habeas corpus by Charles Yavorsky against the United States. From an order denying the petition, petitioner appeals. Reversed and remanded, with directions.

Leon M. Levy and Joseph F. Gunster, both of Scranton, Pa., for appellant.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

Before WOOLLEY and DAVIS, Circuit Judges, and GIBSON, District Judge.

DAVIS, Circuit Judge. The United States attorney filed a criminal information against Yavorsky, hereafter called defendant, for the illegal sale of one pint of "moonshine whisky" containing more than one-half of 1 per centum of alcohol by volume. He pleaded guilty. This was the first offense of which defendant had been convicted, and the judge inadvertently imposed upon him both a fine of $100 and imprisonment of 60 days in the county jail of Lackawanna county. He paid the fine in full, and after he had served five days in prison it was brought to the attention of the judge that he could not impose both a fine and imprisonment on conviction or plea of guilty for the first offense. He entered the following order:

"October 27, 1923. The court being satisfied that both fine and imprisonment is unauthorized, before payment of the fine into the treasury of the United States, the imposition of the fine is remitted and the marshal is directed to refund to the prisoner."

The defendant refused to accept return of the fine and filed a petition for writ of habeas corpus, which was denied, and he appealed to this court.

It is admitted that the proper procedure by which to test the validity of the action of the District Court is by the writ of habeas corpus. Section 29 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p), provides that:

"Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years."

[1] The question of whether or not a court in the same term, in a civil proceeding, has power to set aside an improvident order obtained by fraud (Doss et al. v. Tyack et al., 14 How. [55 U. S.] 297, 312, 14 L. Ed. 428), or for proper cause to set aside a judgment rendered on confession (Basset v. United States, 9 Wall. [76 U. S.] 38, 41, 19 L. Ed. 548), or to set aside at the ensuing term of court the order of the court allowing an appeal which was never perfected when motion for so doing was made in the same term (Goddard v. Ordway, 101 U. S. 745, 25 L. Ed. 1040), or in a criminal case to set aside the sentence of a prisoner to a house of correction which was not allowed to receive federal prisoners and resentence to another for a shorter term (In re Graves [D. C.] 117 Fed. 798), is not here involved. The general power of a court over its own judgments, orders, and decrees in both civil and criminal cases during the existence of the term at which they are first made is undeniable. Ex parte Lange, 18 Wall. (85 U. S.) 163, 21 L. Ed. 872; Goddard v. Ordway, supra.

[2, 3] The question here is whether or not the learned District Judge could remit the fine and continue the prison sentence, after the fine had been paid to the marshal of the district, but not paid by him into the treasury of the United States, and defendant had served five days' imprisonment. In other words, had the defendant, by the payment

thus made, fully suffered one of the alternative punishments to which alone the law subjected him, and, if he had, was the power of the court to punish further gone?

Both the defendant and government rely upon the case of Ex parte Lange, supra. In that case the defendant, Lange, was indicted under Act June 8, 1872, § 290, 17 Stat. 320, for stealing, etc., mail bags. He was tried and convicted. The punishment for the offense as provided by the statute was imprisonment for not more than one year *or* a fine of not less than $10 nor more than $200. The judge sentenced Lange to undergo imprisonment for one year *and* to pay a fine of $200. He was committed to jail in execution of the sentence the day it was imposed, November 3, 1873, and paid the fine the following day. On November 7th the clerk paid the fine into the treasury of the United States. The next day, November 8th, he was brought, on writ of habeas corpus, before the same judge, who entered an order vacating the former judgment, and again sentenced the prisoner to imprisonment for one year from that day. All of this was done within the same term. The prisoner sued out a writ of habeas corpus, which on hearing was discharged, and he was remanded to the custody of the marshal. An appeal was taken to the United States Supreme Court, which in the course of an elaborate opinion said:

"The petitioner, then, having paid into court the fine imposed upon him of $200, and that money having passed into the treasury of the United States, and beyond the legal control of the court, or of any one else but the Congress of the United States, and he having also undergone five days of the one year's imprisonment, all under a valid judgment, can the court vacate that judgment entirely, and without reference to what has been done under it, impose another punishment on the prisoner on that same verdict? To do so is to punish him twice for the same offense. He is not only put in jeopardy twice, but put to actual punishment twice for the same thing."

It was doubtless on the authority of the above question that the learned District Judge entered his order of October 27th, remitting the fine before it was paid into the treasury of the United States. Does fully suffering one of the alternative punishments, to which the law subjected the defendant, depend upon whether or not the fine had been paid into the treasury of the United States by the marshal or clerk? It is admitted that the marshal is the officer to whom prisoners customarily pay fines in the district. If payment by him of a fine into the treasury of the United States is a necessary fact, within the meaning of the law, before a prisoner, who has paid his fine, can fully suffer a punishment by fine, then this present case is distinguishable from that of Ex parte Lange, and the denial of the writ of habeas corpus was justified. If it was not, and the payment was only an incident, that case is indistinguishable in principle from the one at bar and the writ of habeas corpus should have been allowed.

While the fine had not been paid into the treasury of the United States, the defendant had completely complied with the sentence of the court with respect to the fine, and so far as he was concerned had fully suffered one of the alternative punishments, to which the law subjected him, as completely as if the money had been paid into the treasury. The statement that the fine had been paid into the treasury of the United States appears in the recitative part of the opinion, but in declaring the law the court did not make mention of that fact, but said:

"We are of opinion that when the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone; that the principle we have discussed then interposed its shield, and forbade that he should be punished again for that offense. The record of the court's proceedings, at the moment the second sentence was rendered, showed that in that very case, and for that very offense, the prisoner had fully performed, completed, and endured one of the alternative punishments which the law prescribed for that offense, and had suffered five days' imprisonment on account of the other. It thus showed the court that its power to punish for that offense was at an end. Unless the whole doctrine of our system of jurisprudence, both of the Constitution and the common law, for the protection of personal rights in that regard, are a nullity, the authority of the court to punish the prisoner was gone. The power was exhausted; its further exercise was prohibited. It was error, but it was error because the power to render any further judgment did not exist."

The court did not place the exhaustion of the power of the court in the nonreturn of the money to the prisoner. The Congress could have made the return, and it would make no difference which, the Congress or the court, made the return. The lack of power in the court to punish further was

based upon the full suffering by the prisoner of one of the alternative punishments. After the fine was paid, whether the money representing it was held, during the five days defendant was in jail, by the marshal only, or by the marshal part of the time and by the clerk part of the time, or by the marshal, clerk, and the treasury of the United States, each, part of the time, was of no concern to the defendant, and had no bearing upon the suffering by him of that alternative penalty. When he had fully complied with that part of the sentence, he had as fully suffered that alternative punishment as if the fine had forthwith been deposited into the treasury of the United States by the marshal. The court was without power to remit the fine after the punishment imposed had been suffered, and the writ of habeas corpus should have been allowed, and the prisoner discharged.

The order denying the petition for the writ of habeas corpus and for the release of the prisoner is reversed, and the case is remanded to the District Court, with directions to proceed according to law.