## IN RE WILLIAM V. BRADLEY.

No. 473. Argued January 8, 1943.—Decided February 1, 1943.

*Mr. Thomas D. McBride* for petitioner.

*Mr. W. Marvin Smith,* with whom *Solicitor General Fahy, Assistant Attorney General Berge,* and *Messrs. Oscar A. Provost* and *John Ford Baecher* were on the brief, for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

A proceeding, instituted by the National Labor Relations Board against Delaware-New Jersey Ferry Company for enforcement of an order of the Board, was pending in the Circuit Court of Appeals. A hearing was set at which witnesses were to be heard. The petitioner was to be a witness for the Board. During the course of the trial the petitioner was summoned and, after hearing, was adjudged guilty of contempt because of his intimidation of a witness for the Ferry Company in the corridor adjoining the court room.

The court sentenced the petitioner to six months' imprisonment, to pay a fine of $500, and to stand committed until he complied with the sentence. The sentence was erroneous. *Ex parte Lange,* 18 Wall. 163, 176. Under § 268 of the Judicial Code, 28 U. S. C. 385, the sentence could only be a fine *or* imprisonment. *Ex parte Robinson,* 19 Wall. 505, 512; *Clark* v. *United States,* 61 F. 2d 695, 709; affirmed 289 U. S. 1.

The marshal was directed forthwith to execute the judgment. On September 28, 1942, the petitioner was taken into custody and committed to prison. On October 1 his attorney paid the fine in cash to the clerk of the court. Later on that day the court, realizing that the sentence was erroneous, delivered to the clerk an order amending it by omitting any fine and retaining only the

six months' imprisonment. The court instructed the clerk, who still held the money, to return it to the petitioner's attorney. The latter refused to receive it, and the clerk has it.

The petitioner, being in jail, petitioned this Court to grant certiorari, alleging as errors the adjudication that he was guilty of contempt and the manner of sentencing him. We granted the writ and admitted him to bail pending decision.

We do not review the finding that the petitioner's conduct was a contempt summarily punishable by the court, for we are of opinion that the errors involved in the sentence require that he shall be freed from further imprisonment.

When, on October 1, the fine was paid to the clerk and receipted for by him, the petitioner had complied with a portion of the sentence which could lawfully have been imposed. As the judgment of the court was thus executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court was at an end.[1] It is unimportant that the fine had not been covered into the treasury; it had been paid to the clerk, the officer of the United States authorized to receive it,[2] and petitioner's rights did not depend upon what that officer subsequently did with the money.[3]

It follows that the subsequent amendment of the sentence could not avoid the satisfaction of the judgment, and the attempt to accomplish that end was a nullity. Since one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint.

[1] Ex parte Lange, supra, 176.

[2] In re Fletcher, 71 App. D. C. 108, 107 F. 2d 666, 668.

[3] Ex parte Lange, supra, p. 176; and compare the dissenting opinion, pp. 180, 190, 199–200; Yavorsky v. United States, 1 F. 2d 169, 171; Moss v. United States, 23 App. D. C. 475, 485.

The judgment is reversed and the cause remanded with directions that the petitioner be discharged from custody.

*Reversed.*

MR. CHIEF JUSTICE STONE, dissenting:

In *Ex parte Lange,* 18 Wall. 163, the trial court did not remit or offer to remit the fine which the offender had paid. The opinion was careful to point out (p. 175) that the fine paid had been covered into the treasury and that the courts were powerless to direct its return. That decision thus lends no support to that now rendered that the choice rests with the offender rather than with the court whether he shall be punished by fine or by imprisonment, either of which alone the court could have lawfully imposed; and that by payment of the fine, imposed and accepted under mistake of law and immediately remitted, he may irrevocably escape punishment by imprisonment.

So far as *Ex parte Lange* is regarded here as resting on the ground that it would be double jeopardy to compel the offender to serve the prison sentence after remission of the fine on the same day on which it was paid, I think its authority should be reëxamined and rejected. The substance of the punishment imposed on the offender by a fine is in depriving him of the money he has paid. Here he has not been deprived of the money paid to the clerk of the court, for the fine was remitted on the same day on which it was paid, and he was then free to reclaim it. Since he is shown to have suffered no more from the imposition of the fine than if the clerk had refused to receive it when tendered, there is I think no substance in the contention that he will suffer double punishment if compelled to serve out his prison sentence.

The Constitution is concerned with matters of substance not of form. Nothing in its words or history forbids a common sense application of its provisions, or excludes

them from the operation of the principle *de minimis*. I can hardly suppose that we would hold unconstitutional an Act of Congress commanding prompt return of a fine mistakenly imposed under these circumstances, and requiring the prison sentence originally imposed to be served. Yet *Ex parte Lange* as interpreted and applied here rests on constitutional grounds which are equally applicable to an Act of Congress.

I agree with the suggestion of the Government that the court's second order resentencing petitioner could not rightly be entered without affording petitioner or his counsel an opportunity to be present, and that the cause should, on that account, be remanded for further proceedings.