**In re James A. DINNAN, Appellant.**

**Maija S. BLAUBERGS,
Plaintiff-Appellee,**

**v.**

**BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF GEORGIA et al., Defendants,**

**James A. Dinnan, Movant-Appellant.**

**Nos. 80–7432, 80–7441.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Aug. 28, 1980.

John K. Larkins, Jr., Guy B. Scott, Jr., Athens, Ga., for plaintiff-appellee.

Henry & Marshall, Andrew H. Marshall, Athens, Ga., for movant-appellant.

Before RONEY, HILL and FRANK M. JOHNSON, Jr., Circuit Judges.

BY THE COURT:

James A. Dinnan is one of nine University of Georgia professors who served on a mid-level committee which recommended that Maija Blaubergs not be advanced to Associate Professor. When Blaubergs was not promoted, she brought federal suit against the Board of Regents claiming sex discrimination. *Blaubergs v. Board of Regents*, No. 79–42–Ath. (M.D.Ga., filed May 24, 1979). Blaubergs deposed several members of the committee, including Dinnan. Dinnan refused to reveal his individual vote. Asserting this inquiry was critical to her allegations of sex discrimination, plaintiff Blaubergs sought an order compelling an answer. Such an order was entered only after a hearing at which Dinnan was represented by counsel. Upon Dinnan's continued refusal to testify, plaintiff moved for a contempt citation.

At a hearing on June 2, 1980, the district court gave notice that it would proceed the next day under rule 42 of the Federal Rules of Criminal Procedure. On June 3 the court denied Dinnan's motion for a continuance and, after taking evidence and hearing arguments, ordered the following:

> So the Court finds the professor, Dr. James A. Dinnan, to be in criminal contempt pursuant to Rule 42 of the Federal Rules of Criminal Procedure and imposes the following punishment upon him. He shall pay to the Clerk of this Court $100 this afternoon and $100 every afternoon on or before five o'clock for the next thirty days, and during that period of time if he continues to be in contempt he shall then report to the United States Marshal of this Court and serve ninety days in the Unites States Penitentiary, and during any of those days he may purge himself of contempt if he wishes to do so and the Court's punishment will cease. Failing his purging himself he will pay the total fine and will serve the total sentence.

Dinnan filed a notice of appeal and moved to stay the judgment under Fed.R. App.P. 9. His motion was denied by this Court through another panel and by Mr. Justice Powell as Circuit Justice.

Dinnan paid the $3,000 fine and on July 3, 1980, presented himself to the United States Marshal and was taken into custody, where he remains at this time. He also petitioned the district court for a writ of habeas corpus under 28 U.S.C.A. § 2255, arguing that he received inadequate notice of criminal contempt proceedings under Fed.R.Crim.P. 42(b), and that the imposition of both a fine and imprisonment was illegal punishment for criminal contempt. Since the fine had been paid, he contended he was entitled to immediate release. *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943); *United States v. Barnette*, 546 F.2d 187 (5th Cir.), *cert. denied*, 434 U.S. 822, 98 S.Ct. 65, 54 L.Ed.2d 79 (1977).

Interpreting its order as civil rather than criminal, the court denied the petition, stating:

> Regardless of the court's statement that the contempt violation was criminal, the court in retrospect views the contempt as civil. The sanctions are and were intended only as a remedial measure to coerce the defendant to do what he has refused to do.

No notice of appeal has been filed from the denial of the habeas corpus petition.

Although his motion recites that "Professor Dinnan has always maintained that this matter, arguendo, is civil, not criminal," Dinnan seeks alternative relief, depending upon whether the order is a criminal contempt order or a civil contempt order. If criminal, he seeks a writ of habeas corpus or mandamus ordering his release from unlawful custody. If civil, he seeks an expedited appeal under 28 U.S.C.A. § 1826. He specifically does not seek to be released under the 30-day requirement of § 1826 because he does not want to risk being returned to jail if he loses his appeal. This Court does not now have before it the merits of the appeal from the underlying contempt order, only the motions for alternative collateral relief.

■ Our first task is to determine whether the contempt judgment is civil or crimi-

nal. Here, as in *Smith v. Sullivan*, 611 F.2d 1050, 1052–53 (5th Cir. 1980), "there was some confusion as to whether the contempt proceeding was civil or criminal." Our cases suggest that when it is impossible to determine which type of contempt is involved, the judgment cannot stand. *In re Monroe*, 532 F.2d 424 (5th Cir. 1976); *Skinner v. White*, 505 F.2d 685 (5th Cir. 1974); *Clark v. Boynton*, 362 F.2d 992 (5th Cir. 1966). This case, however, does not come within that rule, for it is easy for this Court to determine under well established law that the judgment was a civil contempt order.

■ Although the district court initially characterized the proceeding as criminal, and followed the more stringent notice and procedural requirements of criminal contempt, neither that procedure nor the district court's characterization controls the determination. *Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Lewis v. S.S. Baune*, 534 F.2d 1115, 1119 (5th Cir. 1976); *Southern Ry. v. Lanham*, 403 F.2d 119 (5th Cir. 1968). The conclusive, most important factor in distinguishing civil and criminal contempt is the purpose of the contempt judgment. *Smith v. Sullivan*, 611 F.2d at 1053; *In re Grand Jury Investigation*, 610 F.2d 202 (5th Cir. 1980). If its purpose is to coerce the contemnor into compliance with the court's order or to compensate the complainant for losses sustained, then the proceeding is civil. On the other hand, if its purpose is to punish or to vindicate the authority of the court, then the proceeding is criminal. *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *In re Stewart*, 571 F.2d 958 (5th Cir. 1978).

Here the district court's judgment was made wholly conditional upon Dinnan's continued refusal to testify. Its purpose was coercive, not punitive. When contemnors "carry the keys of their prison in their own pockets," *In re Nevitt*, 117 F. 448, 461 (8th Cir. 1902), the contempt proceedings are almost universally found to be civil. *Shillitani v. United States*, 384 U.S. at 368, 86 S.Ct. at 1534; *United States v. Rizzo*, 539

F.2d 458, 465 (5th Cir. 1976). No part of the penalty was absolute; it was only imposed daily as Dinnan refused to give the ordered testimony.

■ Contrary to Dinnan's argument, the fact that the $3,000 fine was paid to the clerk of the court, not as damages to the complainant, does not indicate that the contempt is criminal. The Supreme Court specifically stated in *United States v. United Mine Workers*, 330 U.S. at 303–04, 67 S.Ct. at 781, that fines in civil contempt proceedings may be levied for either of two purposes: (1) to compensate the complainant, in which case the amount must be limited to actual damages shown, or (2) to compel the contemnor to comply with the court's order, in which case the amount must be reasonably designed to force compliance, without being punitive. A coercive, nonpunitive fine payable to the clerk of the court is an appropriate tool in civil contempt cases. *See Winner Corp. v. H.A. Caesar & Co.*, 511 F.2d 1010, 1015 (6th Cir. 1975); *IBM v. United States*, 493 F.2d 112 (2d Cir. 1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Brotherhood of Locomotive Firemen & Enginemen v. Bangor & Aroostook R.R.*, 380 F.2d 570 (D.C.Cir.), *cert. denied*, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 461 (1967); *Woods v. O'Brien*, 78 F.Supp. 221 (D.Mass. 1948). *See also* 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 110.13[4] (1980). Dinnan does not contend the $100 a day was excessive for this purpose.

■ The maximum imprisonment was fixed at 90 days. A fixed term of imprisonment, with the proviso that the contemnor will be released if he complies with the court order, is a proper penalty for civil contempt and the imposition of such a penalty does not make the proceeding criminal. In *Shillitani v. United States*, 384 U.S. at 364, 86 S.Ct. at 1531, the petitioners had been sentenced to two years imprisonment but with automatic release if they gave the ordered testimony. The Supreme Court held the contempt proceedings to be civil.

Imprisonment for civil contempt may not continue, however, beyond the time when the ordered testimony is useful. *Shillitani v. United States*, 384 U.S. at 371, 86 S.Ct. at 1536; *Maggio v. Zeitz*, 333 U.S. 56, 76, 68 S.Ct. 401, 92 L.Ed. 476 (1948). Dinnan cannot be held if plaintiff's underlying action has been terminated. 28 U.S. C.A. § 1826(a)(1). Counsel have not indicated that this is likely to occur prior to the conclusion of 90 days. This Court has verified with the district court that the action has not been terminated. The fact that the time certain set for imprisonment is less than the indefinite time authorized by statute would not convert the order from civil to criminal.

Unlike criminal contempt where imprisonment and a fine cannot be combined, *In re Bradley*, 318 U.S. at 50, 63 S.Ct. at 470, a finding of civil contempt permits the coercive combination of both fine and imprisonment.

Thus, it clearly appears that under the language of the order and the controlling authorities, Dinnan was subjected to a civil contempt order.

With that determination, the proper disposition of these motions is dictated by well settled law. Because the proceedings were civil in nature, Dinnan in not entitled to be released from custody so long as he is in violation of a valid underlying order to testify. His motion does not argue otherwise. He may, however, claim the protections of 28 U.S.C.A. § 1826, including the right to an expedited appeal in which he attacks the underlying order. Although 28 U.S.C.A. § 1826(b) states that such appeals shall be heard within 30 days, this Court cannot order release from custody under that subsection for three reasons. First, Dinnan has specifically requested that he not be released on that ground. Second, the law in this Circuit prevents release of a contemnor just because the appeal is not decided within 30 days, but instead requires an extension of time so that the appeal can be handled in an orderly expedited fashion. *See In re Grand Jury Proceedings*, 605 F.2d 750, 751–52 & n.1 (5th Cir. 1979); *In re*

*Tierney*, 465 F.2d 806, 809 (5th Cir. 1972), *cert. denied*, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973). Third, this present motion is Dinnan's first request for an expedited appeal. Indeed, no argument has yet been made to this Court as to why Dinnan should not have answered the question posed, and Dinnan has yet to file a brief addressing the merits of his argument against the validity of the underlying discovery order. Fairness to an appellant requires this Court to decide the appeal only after proper briefing.

IT IS ORDERED that Dinnan's petition for a writ of habeas corpus and alternatively for writ of mandamus is DENIED. Dinnan's motion for an expedited appeal is GRANTED, with the clerk to set an expedited briefing schedule. The time within which this appeal must be decided under § 1826 is extended until 10 days after the appellee's brief is due or earlier filed, unless the time is further extended by the screening panel, or a judge thereof.