**UNITED STATES of America, Plaintiff,**

**v.**

**Edilberto "Ed" RESTOR, Jr., Defendant.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Edwin M. WINTERMYER, Defendant.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Joseph A. MASTRAIENI, Jr., Defendant.**

**Crim. Nos. 81–187 to 81–189.**

United States District Court,
W. D. Pennsylvania.

Feb. 19, 1982.

---

See also D.C., 529 F.Supp. 579.

David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Lloyd F. Engle, Jr., Lou Ann Phelps, Pittsburgh, Pa., for defendant.

## OPINION

DIAMOND, District Judge.

Presently before the court is the government's motion to correct an illegal sentence entered in the above-captioned cases.

On November 10, 1981, the defendants and the government presented the court with a plea bargain agreement whereby the government would dismiss felony charges then pending against the defendants in exchange for the defendants' plea of guilty to a violation of 18 U.S.C. § 401(3) (1966). That plea agreement, drafted by defense counsel, provided that the parties agreed that the court could impose a fine of $1,000, a prison sentence of six months, or both, as penalty for the defendants' violation of 18 U.S.C. § 401(3). The parties submitted this plea agreement to the court after the court had rejected a previously tendered plea agreement because it would have denied the court the discretion to impose a sentence of imprisonment. After the court indicated that it would not accept a plea agreement that did not leave the court discretion to impose a prison sentence, the defendants and the government agreed to the plea bargain set forth above.

On December 10, 1981, the court imposed a sentence on each defendant consisting of a $1,000 fine, a suspended six-month prison sentence, and probation for a term of three years. The defendants filed an appeal of this sentencing order on December 18, 1981, and on the same day filed a motion with this court to stay execution of the sentence. Because the motion did not indicate the bases for the defendants' appeal and the court felt that this information was needed for it intelligently to rule on the motion to stay, the court requested that defense counsel submit a letter to the court outlining the issues being raised on appeal. That letter arrived on December 28, 1981, but it contained no indication that the defendants were raising a question concerning the legality of imposing a sentence in accordance with the plea bargain; to-wit, of a fine *and* imprisonment. After consideration of the letter and this court's research, the court concluded in an opinion filed January 13, 1982, that it was "unable to find sufficient apparent merit in the defendants' appeals to justify delay in the commencement of their sentences." Accordingly, the motions to stay were denied. 529 F.Supp. 579.

■ It now appears from the government's motion to correct the sentences that the defendants have challenged the sentences in their appeals on the ground that

18 U.S.C. § 401(3) authorizes a sentence of imprisonment *or* fine, but not *both*. Contrary to the case in virtually every other criminal statute providing for the penalties of imprisonment or a fine, it does appear that this court does not have the authority to impose *both* a fine *and* a term of imprisonment for a violation of 18 U.S.C. § 401(3). *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943); *Mitchell v. Fiore*, 470 F.2d 1149 (3d Cir. 1972). This issue has thus been brought to the attention of this court for the first time by virtue of the defendants having raised it on appeal as one of their bases for reversing the judgment set forth above. Had the question been raised in this court, the illegality would have been obviated, unfortunately this court is now without jurisdiction to correct the sentences, since the cases are pending before the Court of Appeals. *United States v. Mack*, 466 F.2d 333 (D.C.Cir.), *cert. denied*, 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972); *See generally* 9 Moore, Federal Practice ¶ 203.11 (2d ed. 1980). Therefore, the government's motion to correct the sentences must be denied.

■ However, notwithstanding some very strong bases for a finding of waiver, it now appears that the defendants' appeal has merit at least to the extent that the appeal challenges the court's power to enter a sentence that includes both fine and imprisonment. And while we do not have jurisdiction to correct the sentences, we believe that we do have jurisdiction to stay the execution of all or part of a sentence even if the case has been appealed. Fed.R. Crim.P. 38. The court may even entertain a motion to reconsider a stay of the execution of a sentence pending appeal. Cf. *Taylor v. Sterrett*, 640 F.2d 663 (5th Cir. 1981). For although an appeal is pending before the Circuit Court, the district court retains jurisdiction of the case for all matters not associated with the subject matter of the appeal. *Securities & Exchange Commission v. Investors Security Corporation*, 560 F.2d 561 (3d Cir. 1977); *State of New York v. Nuclear Regulatory Commission*, 550 F.2d 745 (2d Cir. 1977). And the denial of the defendants' motions for a stay has not been appealed. Therefore the court concludes that it may, and in view of the foregoing, should, sua sponte reconsider its order denying the defendants' motion to stay execution.

The court believes now as it did at the time of sentencing that the actions committed by the defendants were of a serious nature and that a fine alone was not a proper sentence in these cases. See our opinion of January 13, 1982. We believe now as we did then that suspended sentences with probation conditioned on community service are the sentences best designed to rehabilitate the defendants and serve the public interest. When, and if, the cases are remanded from the Circuit and we regain jurisdiction to correct the sentences, they will be amended by the elimination of the sentence of fines. In the meantime a stay order will serve the dual function of suspending the execution of sentences which are unauthorized in their present form and will prevent the frustration of the principal purpose of the court's sentences; namely, to rehabilitate the defendants through an appropriately conditioned term of probationary supervision. *Bozza v. United States*, 330 U.S. 160, 166–7, 67 S.Ct. 645, 648–9, 91 L.Ed. 818 (1947); *Bradley, supra.*

An appropriate order will be entered.