**UNITED STATES of America, Appellee,**

v.

**Edilberto RESTOR, Jr., Edwin M. Wintermyer, and Joseph A. Mastraieni, Jr., Appellants.**

**Nos. 82–5013, 82–5015.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 24, 1982.

Decided June 7, 1982.

Lloyd F. Engle, Jr., Lou Ann Phelps, Kuhn, Engle & Stein, Pittsburgh, Pa., for appellants.

J. Alan Johnson, U. S. Atty., David M. Curry, Paul J. Brysh, Asst. U. S. Attys., Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Defendants Restor, Wintermyer, and Mastraieni appeal from final judgments of sentence following guilty pleas to charges of criminal contempt. This court has jurisdiction under 28 U.S.C. § 1291 (1976).

Defendants were air traffic controllers employed by the federal government. In August 1981, they participated in a nationwide work stoppage by air traffic controllers. On August 4, the District Court for the Western District of Pennsylvania entered a temporary restraining order enjoining the strike. Defendants did not obey the restraining order, and were charged with contempt of court under 18 U.S.C. § 401(3) (1976). They were also indicted under 18 U.S.C. § 1918 (1976), which prohibits employees from striking against the Government.

Defendants worked out a plea agreement with the United States Attorney, which was accepted by the district court on November 10, 1981. It provided that the defendants would plead guilty to violating section 401(3), for which they would be sentenced to not more than six months' imprisonment, or fined not more than $1,000, or both. In return, the Government would recommend that the fine not exceed $500, and would seek dismissal of the section 1918 felony indictment.

The district court sentenced each defendant to imprisonment for six months and ordered each to pay a fine of $1,000. The court suspended the term of imprisonment, and placed each defendant on probation for three years. In addition to the usual terms of probation, each defendant was ordered to perform eight hours per week of court-approved community service for fifty weeks during each year of probation. Defendants appeal.

Section 401(3) provides that a federal court "shall have power to punish by fine or imprisonment, at its discretion," a contempt arising from the disobedience of a lawful order of the court. Defendants argue that section 401(3) does not give the district court the authority to impose both imprisonment and a fine. The statutory

language is in the disjunctive, and, without belaboring the point, we think the only reasonable interpretation is that the district court has discretion to impose a fine or imprisonment, but not both.[1] Nor do we think that the district court can impose a greater punishment than the statute authorizes merely because the plea agreement purported to allow it. The Government concedes that the district court erred, and in fact moved before the district court to correct the sentence. Indeed, the district court would have corrected the sentences in response to the Government's motion, but believed that it was without jurisdiction to do so because the case was on appeal. *See* District Court Opinion of February 19, 1982. Thus, we must vacate the sentence imposed by the district court.

■ Although we have the authority to revise the sentence ourselves, *see Mitchell v. Fiore*, 470 F.2d 1149, 1155 & n.15 (3d Cir. 1972), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1899, 36 L.Ed.2d 399 (1973), we choose not to do so in this case. We think that as a general matter the district court should have the first opportunity to decide whether to impose a term of imprisonment or a fine. *Cf. United States v. Stine*, 675 F.2d 69, 71–72 (3d Cir. 1982) (trial court has better vantage point than appellate court from which to exercise discretion in sentencing).

Defendants also contend that the district court abused its discretion in requiring community service as a condition of probation, and that the sentences were too harsh. Normally, we would not reach these issues because they might be mooted when the district court reconsiders the sentence on remand. However, the district court indicated in its February 19, 1982 opinion that if "the cases are remanded from the Circuit ..., they will be amended by elimination of the sentence of fines." Thus, in the inter-

ests of justice, we think we should address the defendants' contentions.

■ As defendants concede, community service may be a proper condition of probation. *See United States v. Arthur*, 602 F.2d 660, 664 (4th Cir.), *cert. denied*, 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed.2d 422 (1979). The district court's exercise of discretion in imposing community service as a condition of probation will be within the power granted to it by 18 U.S.C. § 3651 (1976) "so long as it is reasonably related to rehabilitation of the probationer, ... deterrence of future misconduct by the probationer or general deterrence of others, [or] deserved punishment." *United States v. Tonry*, 605 F.2d 144, 148 (5th Cir. 1979). The district court found that defendants had engaged in antisocial conduct, and that community service work was necessary "to reinstate [them] in society, ... [to] 'integrate [them] in a working environment, and inculcate in [them] a sense of social responsibility.'" In light of this finding, we do not believe that the district court would abuse its discretion if it were to reinstate the community service requirement.

■ Nor do we think that a suspended sentence of six months imprisonment for violation of the court's temporary restraining order would be excessively harsh. Admittedly, it is a harsher sentence than most, if not all, other striking air controllers received, but this is not a dispositive consideration. We will uphold the district court's sentence if it "bear[s] some reasonable relation to the nature and gravity of the contumacious conduct." *United States v. Conole*, 365 F.2d 306, 308 (3d Cir. 1966) (in banc) (per curiam), *cert. denied*, 385 U.S. 1025, 87 S.Ct. 743, 17 L.Ed.2d 673 (1967). Nevertheless, the district court's discretionary sentencing power under section 401(3) should be "exercised with restraint." *Id.* We can-

---

1. *See, e.g., United States v. Hilburn*, 625 F.2d 1177, 1181 n.4 (5th Cir. 1980); *United States v. DiGirlomo*, 548 F.2d 252, 254 (8th Cir. 1977); *United States v. Miller*, 540 F.2d 1213, 1214 (4th Cir. 1976) (per curiam); *In re Osborne*, 344 F.2d 611, 616 (9th Cir. 1965); *United States v. DeSimone*, 267 F.2d 741, 746 (2d Cir.), *cert.*

denied, 361 U.S. 827, 80 S.Ct. 74, 4 L.Ed.2d 70 (1959); *MacNeil v. United States*, 236 F.2d 149, 154 (1st Cir.), *cert. denied*, 352 U.S. 912, 77 S.Ct. 150, 1 L.Ed.2d 119 (1956). *See also In re Bradley*, 318 U.S. 50, 51, 63 S.Ct. 470, 87 L.Ed. 608 (1943) (decided under predecessor statute).

not say at this point that the sentence, if reimposed, would not bear some reasonable relation to defendants' conduct: Defendants willfully defied a court order requiring that they comply with a lawful statute. Nor do we think the requirement of eight hours per week of community service is necessarily unduly harsh. *See Arthur, supra,* 602 F.2d at 661 (affirming two-year requirement of full-time employment without salary at charitable organization). We expect, however, that the district court may at least reconsider in the light of subsequent events whether the sentences it indicated it would impose are not greater than are necessary to accomplish the concededly legitimate objectives of sentencing and probation.

We will vacate the sentences of the three defendants and remand to the district court for resentencing.

Each side to bear its own costs.