James H. Burke, Jr., Asst. Federal Public Defender, Jacksonville, Fla., for defendant-appellant.

Kathleen O'Malley, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cheryl A. WHITE, Defendant–Appellant.**

No. 91–3346.

United States Court of Appeals,
Eleventh Circuit.

Jan. 8, 1993.

Before KRAVITCH, Circuit Judge, GODBOLD and OAKES *, Senior Circuit Judges.

KRAVITCH, Circuit Judge:

Appellant Cheryl Ann White failed to appear before a federal grand jury that had subpoenaed her in 1988. White was indicted and subsequently pled guilty to one count of criminal contempt in violation of 18 U.S.C. § 401(3).[1] In anticipation of sentencing, a presentence report was written

---

* Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

1. 18 U.S.C. § 401(3) provides that: "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as— ... (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

that calculated the Sentencing Guidelines range to be 0–6 months imprisonment and a fine range of $250 to $5,000. Appellant objected to the potential imposition of imprisonment and a fine, asserting that the statute only authorized one or the other, not both. The district court sentenced White to six months in prison and a fine of $3,184.84. White has served the prison term, but she has not paid the fine. On appeal, White urges—and the government concedes—that the portion of appellant's sentence that imposes a fine is improper and should be vacated. We agree.

■ We review the legality of a sentence de novo. *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1588, 118 L.Ed.2d 306 (1992). The law concerning criminal contempt in a pre-Sentencing Guidelines context is well established. The former Fifth Circuit held that "[u]nder 18 U.S.C. § 401, a district court may punish criminal contempt by fine or imprisonment, but not by both." *United States v. Hilburn*, 625 F.2d 1177, 1179 (5th Cir.1980); *see also In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943). Because the relevant actions occurred after November 1, 1987, we must consider what impact, if any, the Sentencing Guidelines have on this case. This is a case of first impression in that no court has addressed this issue in light of the Sentencing Guidelines.

The Sentencing Reform Act states that "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter." 18 U.S.C. § 3551(a). 18 U.S.C. § 3551(b), part of the Sentencing Reform Act, provides that a fine may be "imposed in addition to any other sentence." The Sentencing Guidelines mandate further that a fine shall be imposed if the defendant is able to pay. U.S.S.G. § 5E1.2(a). 18 U.S.C. § 3571(e) provides that "[i]f a law setting forth an offense specifies no fine or a fine that is lower than the fine otherwise applicable under this section and such law, *by specific reference*, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense." (emphasis added).

18 U.S.C. § 401(3) does not specifically mention that it intends to avoid the fine provisions of the Guidelines. The imposition of fines, however, is guided and controlled by the relevant statutory limits. *See, e.g.*, U.S.S.G. § 5E1.2(b) (setting fines in an established range except as "otherwise required by statute"); U.S.S.G. § 8C3.1(a) (explicitly limiting the fine ranges for organizational defendants to statutory maximums and minimums). 18 U.S.C. § 401 employs the disjunctive and authorizes the punishment of a "fine *or* imprisonment" (emphasis added). The mere existence of the Sentencing Guidelines does not change that clear expression of Congressional intent. Although the Sentencing Guidelines provide for the imposition of fines in most circumstances, the Guidelines cannot and do not authorize the imposition of a fine in contravention of express statutory authority. We hold that White cannot be both fined and imprisoned for violating 18 U.S.C. § 401.[2] The appellant has served her prison sentence. As such, White has satisfied "one valid alternative provision of the original sentence ... [and she] is entitled to be freed of further restraint." *Bradley*, 318 U.S. at 52, 63 S.Ct. at 471.

Accordingly, we REMAND the case and instruct the district court to VACATE that

---

**2.** In 1987, but before the effective date of the Sentencing Guidelines, the Fifth Circuit considered in dicta the issue before this court today. *United States v. Holmes*, 822 F.2d 481, 495–96 (5th Cir.1987). The *Holmes* court intimated that the Sentencing Guidelines, upon implementation, would allow both a fine and a term of imprisonment under 18 U.S.C. § 401. *Id.* The *Holmes* court did not base its decision on these grounds because it was presented with a pre-Guidelines case. We are not persuaded by its reasoning.

portion of the sentence providing for a fine.[3]

---

**3.** The $50 special assessment levied against White should stand because it was independently provided for under a different statute, 18 U.S.C. § 3013. *See United States v. McCargo,* 783 F.2d 507, 510 (5th Cir.1986).