745 So.2d 378 (1999)
Mark SHERWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2293.
District Court of Appeal of Florida, Fourth District.
October 6, 1999.
Rehearing Denied November 23, 1999.
Mark Sherwood, Lake City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don. M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct illegal sentences because the trial court originally sentenced him to serve an eighteen month sentence and then entered a subsequent order increasing the length of sentence to three years. These sentences have been served completely, and appellant is not incarcerated or under probation as a result of these orders. While rule 3.800(a) permits an illegal sentence to be corrected at any time, we conclude that the rule means that the sentence can be corrected at any time while the sentence is being served. Correction of a sentence long since completed serves no useful purpose that we can detect. A double jeopardy violation cannot be corrected once a sentence has been completed. See generally In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943); Ex Parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1873). While appellant contends that the convictions upon which these allegedly illegal sentences were based are being used to enhance a subsequent sentence, the length of the prior sentence is not an issue.
Affirmed.
WARNER, C.J., DELL and STEVENSON, JJ., concur.