[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-12436
Non-Argument Calendar

_____

D. C. Docket No. 04-21995-CV-JLK

PAMELA RENEE WILLIAMS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
GISELA PICHARDO, Warden, Homestead Correctional
Institution,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2007)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Pamela Renee Williams, a Florida prisoner proceeding pro se, appeals the district court's denial of her petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Williams filed her petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the provisions of the AEDPA govern this appeal. We granted a certificate of appealability ("COA") on the following issues:

(1)    Whether the district court erred in finding that Williams's resentencing in case nos. 99-41128-B and 00-20802 did not violate the Double Jeopardy Clause.

(2)    If so, whether counsel was ineffective for failing to raise the double jeopardy issue.

For the reasons set forth more fully below, we hold that the district court did not err in finding no Double Jeopardy Clause violation. We therefore do not reach the second issue in the COA.

We review de novo the district court's denial of Williams's habeas petition. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005), cert. denied, 126 S.Ct. 1828 (2006). We review the district court's factual findings for clear error and mixed questions of law and fact de novo. Id.

Habeas relief from a claim adjudicated on the merits in state court can only be granted if the state court's adjudication

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The state court's factual findings are presumed correct, unless rebutted by the petitioner with clear and convincing evidence. Id. § 2254(e)(1). Clearly established law is the law of the Supreme Court, as reflected in its holdings at the time of the relevant state court decision. Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

> A decision "contrary to" federal law contradicts the United States Supreme Court on a settled question of law or holds differently than did that Court on a set of materially indistinguishable facts-in short, it is a decision "substantially different from the [Supreme Court's] relevant precedent." A decision that unreasonably applies federal law identifies the correct governing legal principle as articulated by the United States Supreme Court, but unreasonably applies that principle to the facts of the petitioner's case, "unreasonably extends [the] principle . . . to a new context where it should not apply, or unreasonably refuses to extend [it] to a new context where it should apply."

Gamble v. Sec'y, Fla. Dept. of Corr., 450 F.3d 1245, 1247 (11th Cir.), cert. denied, 127 S.Ct. 510 (2006) (citations omitted) (alterations and omission in original). A conclusion is not contrary to federal law if no Supreme Court precedent is on point. Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

3

The state trial court summarily denied Williams's motion for post-conviction relief, in which Williams first raised her double jeopardy claim. The court's ruling was summarily affirmed by the District Court of Appeal.

In her § 2254 proceeding, the district court found that Williams, who had pleaded guilty pursuant to a plea agreement in cases 99-41128 and 00-20802 in August 2000, appeared in court on August 3, 2001 because she violated the plea agreement by committing the new offenses charged in case number 00-40836. At that time, Williams entered into a "wraparound deal" to include "everything" from her three cases, and she reaffirmed that a violation of the agreement would result in a 20-year prison sentence. The court entered judgment in case numbers 99-41128 and 00-20802 that day, and entered sentences for time served in both cases. Williams next appeared in court on March 15, 2002, after being charged with additional offenses in case number 01-39515.

The district court found that the March 15, 2002 proceeding, in which Williams was sentenced on cases 99-41128, 00-20802, 00-40836 and 01-39515 to a total of 15 years' imprisonment, was not a resentencing, but was occasioned by her violation of the August 2000 plea agreement. The district court found that the August 3, 2001 entry of sentences for time served in case numbers 99-41128 and 00-20802 "was tantamount to a clerical error." Accordingly, the court concluded

4

that no double jeopardy violation occurred.

On appeal, Williams argues that the trial court's action in vacating her original sentences of 224 days time served in cases 99-41128 and 00-20802, and resentencing her to a term of imprisonment, constituted a double jeopardy violation. She contends that, because she had finished serving her original sentence, she had a legitimate expectation of finality in her sentence, and that any resentencing would constitute a double jeopardy violation.

The district court's finding that the entry of sentences for time served in case numbers 99-41128 and 00-20802 "was tantamount to a clerical error" was not clearly erroneous. At the August 3, 2001 hearing, the record reflects that the parties had reached a "wraparound deal" that "hopefully will include everything" and that Williams understood that she would receive 20 years' imprisonment if she did not fulfill her obligations. There was no discussion about a sentence being imposed in cases 99-41128 and 00-20802. Although a written judgment was entered for 224 days time served, the sentence was not "pronounced in open court," as required by Fla.R.Crim.P. 3.700(b). Florida District Courts of Appeal have recognized that a sentence that was not pronounced in open court is invalid. Adams v. State, 780 So.2d 955, 959 (Fla. Dist. Ct. App. 2001) ("Where no oral sentence was pronounced, a written sentence is invalid."); Sprankle v. State, 677

5

So. 2d 307, 308 (Fla. Dist. Ct. App. 1996); see also Armstead v. State, 612 So. 2d 623, 624-25 (Fla. Dis. Ct. App. 1993) ("Since the record is clear that sentence was not pronounced on May 5, 1992, it is reasonable to conclude that the written judgment and sentence of that date was inadvertent, and should be treated as clerical error.").

We next consider whether the state courts' rejection of Williams's double jeopardy challenge was contrary to or an unreasonable application of federal law. One of the protections afforded by the Double Jeopardy Clause is protection against multiple punishments for the same offense. United States v. DiFrancesco, 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980). However, in this case, the decisions were not contrary to or an unreasonable application of federal law. Cf. id. at 137-39, 101 S.Ct. at 437-38; Pollard v. United States, 352 U.S. 354, 355-56, 359-60, 77 S.Ct. 481, 482-83, 485, 1 L.Ed.2d 393 (1957). Bozza v. United States, 330 U.S. 160, 165-67, 67 S.Ct. 645, 648-49, 91 L.Ed. 818 (1947); In re Bradley, 318 U.S. 50, 51-52, 63 S.Ct. 470, 470-71, 87 L.Ed. 608 (1943); Ex parte Lange, 85 U.S. 163, 174-76, 21 L.Ed. 872, 18 Wall. 163 (1873); see also Jones v. Thomas, 491 U.S. 376, 383-84, 386-87, 109 S.Ct. 2522, 2526-28, 105 L.Ed.2d 322 (1989) (recognizing that Lange "stands for the uncontested proposition that the Double Jeopardy Clause prohibits punishment in excess of that authorized by the

6

legislature" and declining to apply Bradley beyond its facts).

Williams claims a legitimate expectation of finality in her August 3, 2001 sentences. The state courts could discern the proposition from DiFrancesco that "the Double Jeopardy Clause respects the defendant's 'legitimate expectations' as to the length of [her] sentence." United States v. Jones, 722 F.2d 632, 637 (11th Cir. 1983). Applying this principle to the facts of this case in order to reach the conclusion that Williams did not have such an expectation was not unreasonable. The entry of the August 3, 2001 sentences was tantamount to a clerical error. The sentences were not pronounced in open court. Instead, at the August 3, 2001 hearing, Williams's statement reflected an understanding that her failure to comply with her obligations would result in 20 years' imprisonment. The March 15, 2002 hearing further supports a finding that Williams's expectation was of a 20-year sentence in cases 99-41128 and 00-20802.

In light of the foregoing, we discern no clear err in the district court's finding that the August 3, 2001 entry of sentences for time served in cases 99-41128 and 00-20802 was tantamount to a clerical error. We further hold that the denial of Williams's double jeopardy claim by the state courts was not contrary to or an unreasonable application of clearly established federal law.

**AFFIRMED.**