998 So.2d 1209 (2009)
Dexter GUNN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D08-3728.
District Court of Appeal of Florida, Fourth District.
January 21, 2009.
*1210 Dexter Gunn, Carrabelle, pro se.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Dexter Gunn petitions for writ of mandamus, seeking to compel his resentencing for count I after this court, in 1989, reversed count II, because the conviction for count II continues to affect him. We grant the petition in part, and deny it in part.
Appellant entered a guilty plea[1] to both counts charged in lower trial case no. 85-12960 and was sentenced as a youthful offender to a term of years followed by probation for each count, concurrently. On revocation of probation, he was sentenced to six years for each count, concurrently. He appealed the revocation of probation and sentence, but by the time this court reversed count II, he had fully served that sentence. This court's opinion[2] did not direct the trial court to take any action on remand, and the state concedes that the official record continues to reflect appellant's conviction for both counts. Appellant's conviction for count II has appeared as a prior offense on at least one scoresheet prepared in connection with a subsequent criminal case, several years after the opinion issued reversing count II. Accordingly, we grant the petition in part and direct the trial court to issue a corrected adjudication for lower trial case no. 85-12960, reflecting that appellant remains convicted of only count I in that case.
As appellant had fully served his sentence for count I prior to the reversal *1211 of his conviction for count II and was out of custody at the time, we deny the petition to the extent that he seeks to compel the trial court now to resentence him for that count. Compare Sherwood v. State, 745 So.2d 378 (Fla. 4th DCA 1999) (affirming order denying rule 3.800(a) motion, where sentences had been served and appellant was not incarcerated or on probation), rev. denied, 763 So.2d 1044 (Fla. 2000). Apparently appellant agreed to the adult sanction in 1985, and the state has supplied this court with the trial court's December 18, 1985 written reasons for imposing adult sanctions, which were based on the seriousness of count I. Appellant's argument that on resentencing he might have persuaded the trial court to impose a juvenile sanction for count I instead, and thus he would not have had a predicate adult conviction for his later sentencing as a habitual violent felony offender in a subsequent case, is entirely speculative.
Granted in part, denied in part, and remanded.
GROSS, C.J., WARNER and TAYLOR, JJ., concur.
NOTES
[1] It appears the plea was a negotiated plea, because appellant argues in the instant petition that he would not have agreed to the particular sentence imposed, had he known that count II would be reversed.
[2] Gunn v. State, 546 So.2d 115 (Fla. 4th DCA 1989).