NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3345
_____

UNITED STATES OF AMERICA

v.

RAMAR J. GARDINER,
                                        Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-10-cr-00229-001)
District Judge: Honorable Maurice B. Cohill
_____

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2014
_____

Before: FUENTES, GREENAWAY, JR. AND NYGAARD, *Circuit Judges*.

(Opinion Filed: August 22, 2014)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Ramar J. Gardiner ("Appellant") was charged in a five-count indictment for his

involvement in a scam to defraud various merchants by purchasing gift cards with

fraudulent pre-paid credit cards. Appellant pled guilty to conspiracy, and was sentenced. Appellant now appeals the portion of the District Court's sentence which provided that in the event that he was not gainfully employed during his period of probation, he would have to engage in community service. There being no basis for his objection, we will affirm.

I. **BACKGROUND**

The Honorable Maurice B. Cohill sentenced Appellant to a term of probation for four years, with six months home confinement. Judge Cohill ordered Appellant to "support his . . . dependents and meet other family responsibilities" and to "work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons[.]" (App. 76.)

Approximately nine months into his term of probation, Appellant's probation officer, Javier Enciso ("Enciso"), concluded that Appellant was not in compliance with the conditions set by Judge Cohill. Enciso reported that Appellant "ha[d] been unemployed since the onset of probation" and that Appellant informed Enciso that he was not searching for employment because he was "representing a young music artist and . . . attempting to get the artist signed by a record label." (*Id.* at 147.) Enciso informed Appellant that this was insufficient to meet the terms of his probation, and referred him to various employment assistance programs. Nevertheless, Appellant remained unemployed, continuing, however to "work in the music industry[.]" (*Id.* at 147-48 (internal quotation marks omitted).) Enciso "expressed his concerns [to the Probation

2

Office] that if [Appellant] is permitted to continue in this fashion, his chances of his recidivism greatly increase." (*Id*. at 82.) Based on Enciso's report, the Probation Office requested a modification of the conditions of Appellant's probation.[1]

The District Court held a hearing on the Probation Office's request. At the hearing, Appellant argued that he was in compliance with the terms of his probation. He submitted evidence that he was working in the music industry with a company called Free Form Productions, representing a young music artist. Appellant acknowledged, however, that he was not an employee of Free Form Productions and moreover, that he had only received one payment from the young music artist for his consulting work. While Free Form Productions submitted a letter stating that Appellant is a "very important part" of the company, "it doesn't say anything about how much money they're ever going to make." (*Id.*. at 141.)

At the conclusion of the hearing, the District Court granted the Probation Office's request, and ordered that Appellant "perform twenty hours of community service weekly at a site approved by the Probation Department any time he is not employed or actively

---

[1] The Probation Office specifically requested that Appellant's terms of probation be modified to include a condition requiring Appellant to:

> perform 20 hours of community service weekly, at a site approved by the Probation Department, any time he is not employed or actively participating in an educational, vocational, or employment program.

(App. 82.)

participating in an education, vocational, or employment program." (*Id.*. at 142.) This timely appeal followed.

## II.    <u>ANALYSIS</u>[2]

On appeal, Appellant contends that the District Court erred by modifying the terms of his probation. Appellant also asserts that the additional condition imposed on his terms of probation constitutes an unlawful occupational restriction, in violation of 18 U.S.C. § 3563(b)(5) and U.S.S.G. § 5F1.5.

### 1. Modification

Appellant argues that the probation modification was impermissible under 18 U.S.C § 3563(b) because the condition is not reasonably related to the factors set forth in Section 3553(a)(1) and (a)(2). We disagree.

A district court "possess[es] broad discretionary authority to modify the terms and conditions of a defendant's supervised release," *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013),[3] and accordingly, we review for abuse of discretion. *Id.* at 414.

A district court's modification of the conditions of a defendant's probation is governed by 18 U.S.C. § 3563(c), which provides that, "[a] court may modify . . . conditions of a sentence of probation . . . pursuant to the provisions of the Federal Rules

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2).

[3] The instant case addresses a motion to modify the terms of probation, not supervised release. However, the same standard of review applies and the parties agree that it is an abuse of discretion standard.

of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." Under this standard, the District Court did not abuse its discretion in modifying Appellant's conditions of probation, as Appellant received a full and fair hearing in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure,[4] and the modification comports with Section 3563(b), which governs the initial setting of the conditions of probation.

Despite Appellant's arguments to the contrary, the District Court's modification of Appellant's "conditions [of probation] are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2),"[5] 18 U.S.C. § 3563(b), and "involve only such deprivations of liberty or property as are reasonably necessary" to fulfill the purposes of probation. *Id.* The record demonstrates that Appellant is not employed, nor has he been since the commencement of the term of his probation. Aside from his pursuit in the music industry, he is not seeking paid employment.[6] Lastly, while Appellant completed some college level education, the record does not indicate that Appellant possesses other marketable skills. Thus, the conditional community service requirement will further the statutory goals of providing him with "needed educational or vocational training" to

---

[4] Appellant does not contest this point.

[5] Section 3553(a)(1) and (a)(2) contain factors that a court must consider when imposing a sentence, including a sentence of probation.

[6] Appellant presented evidence that during his term of probation he created a sole proprietorship. He argues that this should be considered gainful employment. There is no evidence in the record to support the notion that time he spent on this was more than de minimis. Therefore, the District Court's determination that Appellant was not gainfully employed was correct.

obtain gainful employment, *id.* § 3553(a)(2)(D), and of protecting the public from further crimes committed by Appellant. *Id.* § 3553(a)(2)(C); *see also United States v. Restor*, 679 F.2d 338, 341 (3d Cir. 1982) (indicating that "community service work was necessary to . . . integrate [defendants] in a working environment, and inculcate in (them) a sense of social responsibility") (internal quotation marks omitted) (alteration in original); *United States v. McKissic*, 428 F.3d 719, 724-25 (7th Cir. 2005).

Moreover, the modification is not more restrictive than necessary because it does not apply if Appellant is either gainfully employed or "actively participating in an education, vocational, or employment program." (App. 142.)  Thus, the District Court did not abuse its discretion in modifying Appellant's conditions of probation to include a community service component.[7]

Appellant also contends that the District Court failed to address Section 3553 factors, which, he asserts, weigh "against imposition of the condition imposed here." (Appellant Br. 23-24.)  We disagree.  As discussed above, the modification reasonably relates to the factors set forth in  Section 3553(a)(1) and (2).  We further reject Appellant's argument that the District Court's consideration of the § 3553(a) factors is insufficiently explained in the record.  As discussed above, the record contains a

---

[7] There is also explicit statutory support for including community service as a condition of probation.  Section 3563(b)(12) allows a district court to impose a discretionary condition that a defendant "work in community service as directed by the court." 18 U.S.C. § 3563(b)(12).  Similarly, the Sentencing Guidelines also provide that "[c]ommunity service may be ordered as a condition of probation or supervised release." U.S.S.G. § 5F1.3.

sufficient evidentiary basis for the conditional requirement of community service.

**2. Unlawful Occupational Restriction**

Appellant also argues that the community service condition "must be vacated because it restricts [his] ability to work in his trade and profession." (Appellant Br. 32.) Appellant asserts that Judge Cohill "expressed . . . disapproval of [his] chosen profession" (*Id.* at 32) when he indicated that Appellant's pursuit in the music industry was chancy, that he "might as well be buying lottery tickets" and that he did not "consider this to be gainful employment." (App. 141.) We review for plain error, as Appellant did not argue a 18 U.S.C. § 3563(b)(5) or U.S.S.G § 5F1.5 violation before the District Court. *United States v. Warren,* 186 F.3d 358, 362 (3d Cir. 1999.)

Section 3563(b) and the Sentencing Guidelines give a district court discretion in determining the appropriate conditions of probation, including the imposition of a ban on engaging in specified occupations, businesses, or professions. *See* 18 U.S.C. § 3563(b)(5); U.S.S.G § 5F1.5. The District Court's modification does not however, impose such an occupational restriction. To the contrary, the District Court specifically states that it "will be fine" if Appellant pursues work in the music industry, if he does so in addition to performing the community service hours or to being employed or actively participating in an education, vocational, or employment program. (App. 142.) Moreover, the fact that performing twenty hours of community service may impede Appellant's ability to pursue work in the music industry on a full time basis does not equate to the existence of an occupational restriction under Section 3563(b)(5) or

U.S.S.G § 5F1.5.

**III.**     <u>**CONCLUSION**</u>

For the reasons set forth above, we will affirm the District Court's Order dated

July 11, 2013, modifying the terms and conditions of Appellant's probation.