[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17054
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20117-KMW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD CHRISTIAN VAN LINDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 1, 2017)

Before HULL, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Todd Christian Van Linda appeals his 78-month total sentence, imposed after pleading guilty to conspiracy to engage in the business of unlicensed dealing in firearms in violation of 18 U.S.C. § 371 (Count 1); unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A) (Count 2); and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) (Count 16).  On appeal, the government concedes that the district court plainly erred in sentencing Van Linda to 78 months' imprisonment as to Counts 1 and 2 because those counts each have a statutory maximum sentence of 5 years (60 months).   On appeal, Van Linda argues that the district court erred by applying the "special skill" enhancement because it impermissibly attributed his codefendant's welding skills to Van Linda and it speculated that Van Linda's previous military training and his collection of books on guns resulted in his acquiring a special skill within the meaning of U.S.S.G. § 3B1.3.  He also argues that the district court's refusal to grant a downward variance rendered his sentence substantively unreasonable and greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

2

I.

We review for plain error a procedural challenge raised for the first time on appeal. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To establish plain error, an appellant must show that there was (1) an error; (2) that is plain; (3) that affects a substantial right. *Id.* When these three factors are met, we may exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* "[T]he error must be plain—that is to say, clear or obvious." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). In most cases, for an error to affect substantial rights, a defendant must show a reasonable probability that, but for the error, the outcome of the district court proceeding would have been different. *Id.*

A defendant may receive no sentence greater than authorized by the legislature. *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980); *see also United States v. White*, 980 F.2d 1400, 1401 (11th Cir. 1993) (vacating the imposition of a fine -- despite provisions of the Sentencing Guidelines encouraging fines -- where defendant had completed her term of imprisonment and the pertinent statute provided only for a fine or imprisonment, but not both).

Section 371 of Title 18 criminalizes conspiracy to commit an offense. 18 U.S.C. § 371. It prescribes a five-year statutory maximum sentence if one or more

3

parties to the conspiracy "act to effect the object of the conspiracy" and if the object of the conspiracy is not a misdemeanor. *Id.* Thus, Van Linda's conviction in Count 1, conspiracy to engage in the unlicensed dealing of firearms, carries a statutory maximum of five years.

Section 924 of Title 18 provides the penalties for offenses violating § 922. 18 U.S.C. § 924. Section 924(a)(1)(D) prescribes a five-year statutory maximum sentence for any § 922 offense, unless otherwise stated. *Id.* § 924(a)(1)(D). No other provision in § 924 provides a sentence for § 922(a)(1)(A); thus the statutory maximum sentence is five years for Count 2, the unlicensed dealing of firearms. *Id.*

For multiple counts of conviction, the court "shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(b). "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." *Id.* § 5G1.2(c). The commentary explains that "where a statutorily authorized maximum sentence on a particular count is less than the minimum of the applicable guideline range, the sentence imposed on that count shall not be greater than the statutorily authorized maximum sentence on that count." *Id.* § 5G1.2, comment. (n.3(B)).

4

Here, the court plainly erred by imposing sentences above the statutory maximum sentences on Counts 1 and 2. The court committed a sentencing error by selecting a total punishment of 78 months (6.5 years) and imposing it to run concurrently on each count, even though Counts 1 and 2 had statutory maximum sentences of 60 months (5 years). *See* 18 U.S.C. §§ 371, 924(a)(1)(D); U.S.S.G. § 5G.1.2(b), comment. (n.3(B)); *Vandergrift*, 754 F.3d at 1307. Because the statutory maximum sentences for violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) are 60 months, the error was clear or obvious. *See Molina-Martinez*, 136 S. Ct. at 1343. The error affected Van Linda's substantial rights because, but for the error, he would have been sentenced to a maximum of 60 months on Counts 1 and 2. *See id.* Finally, the improper sentence affects the fairness, integrity, or public reputation of the judicial proceedings because defendants may not receive sentences above what the legislature has authorized. *See DiFrancesco*, 449 U.S. at 139; *White*, 980 F.2d at 1401. Accordingly, we vacate the sentences on Counts 1 and 2 and remand for a corrected judgment on the sentences in Counts 1 and 2: a reduction to 60 months.

## II.

We review *de novo* the district court's legal interpretation of the term "special skill" in U.S.S.G. § 3B1.3. *United States v. De la Cruz Suarez*, 601 F.3d 1202, 1219 (11th Cir. 2010). We review for clear error the district court's factual determination that the defendant possessed a special skill. *Id.* No clear error exists in cases where the record supports the district court's findings. *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).

Pursuant to U.S.S.G. § 3B1.3, a defendant's offense level is increased by two points if the defendant used a special skill "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. A special skill is defined as "a skill not possessed by members of the general public and usually requiring substantial education, training or licensing." *Id.*, comment. (n.4). Enumerated examples include: pilots, lawyers, doctors, accountants, chemists, and demolition experts. *Id.* The background note adds that the guideline applies to those "who abuse . . . their special skills" as "[s]uch persons generally are viewed as more culpable." *Id.*, comment. (backg'd).

"If an average person off the street does not possess the skill, then the skill is considered special for the purposes of applying the enhancement." *De la Cruz Suarez*, 601 F.3d at 1219 (quotation omitted). A special skill requires neither

6

licensing nor formal education.  *United States v. Foster*, 155 F.3d 1329, 1332 (11th Cir. 1998)(holding that "[a]lthough printing does not require licensing or formal education, it is a unique technical skill that clearly requires special training"); *see also United States v. Malgoza*, 2 F.3d 1107, 1111 (11th Cir. 1993) (holding that "[a]lthough not every instance of radio operation requires skills not possessed by members of the general public, it is possible to develop expertise in that field that rises to the level of a special skill").

The district court did not clearly err in finding that Van Linda possessed a "special skill" within the meaning of U.S.S.G. § 3B1.3 or that his vast knowledge of weaponry "significantly facilitated" the commission of his offenses.  *See De la Cruz Suarez*, 601 F.3d at 1219.  A review of the record demonstrates that he possessed skills beyond the skills of the average person and that he used those skills to commit his firearms offenses.  *See Petrie*, 302 F.3d at 1290.  Accordingly, we affirm as to Count 16.

III.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard.  *See Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the district court committed no significant procedural error,

such as improperly calculating the guideline range or inadequately explaining the chosen sentence. *Id.* at 51. We then examine if, in light of the totality of the circumstances, the sentence imposed was substantively reasonable. *Id.* The appellant bears the burden of establishing that the sentence is unreasonable in the light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a), including the need to reflect the seriousness of the offense, promote the respect for the law, provide punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

When the ultimate sentence is reasonable in the light of all the circumstances, we have said that we will not second-guess the weight the district court placed on a particular factor or factors. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010). We may only set aside a sentence if we determine,

"after giving a full measure of deference to the sentencing judge, that the sentence imposed is truly unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).  A court can abuse its discretion if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) balances the proper factors unreasonably and so commits a clear error of judgment.  *Id.* at 1189.

Van Linda does not argue that the court committed a procedural error.  For substantive reasonableness, Van Linda's 76-month sentence reflected consideration of the sentencing factors and was reasonable.  *See Snipes*, 611 F.3d at 872.  Accordingly, we affirm for Count 16.

**VACATED IN PART, AFFIRMED IN PART, AND REMANDED.**